**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tribal Behavioral Health LLC, et al., | No. CV-22-00926-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| John R. Reeves III, et al., | |
| Defendants. | |

Before the Court is Defendants John R. Reeves, III's and Pui Reeves' (collectively, "Defendants") Motion to Clarify or Modify the Preliminary Injunction (Doc. 37) in which Defendants request that the Court clarify certain aspects of the preliminary injunction that is presently in place. Alternatively, Defendants request certain modifications of the preliminary injunction. The Motion has been fully briefed and is ready for review (Docs. 37, 39 & 40). For the following reasons, the Motion is granted to the extent Defendants seek clarification but denied to the extent they seek a modification.

On June 24, 2022, the Court issued a preliminary injunction that, in part, enjoined Defendant "from soliciting or initiating any contact with any TBH or Tribal Health clients and confidential prospective customer leads, with the exception of the Elk Valley Rancheria Tribe." (Doc. 27 at 29). "A party 'subject to an injunction always has the right to ask the court that is administering it whether it applies to conduct in which the person proposes to engage.'" *Cornucopia Prods., LLC v. Dyson, Inc.*, No. CV12-0234-PHX-NVW, 2013 WL 12098786, at *1 (D. Ariz. June 20, 2013) (quoting *Matter of Hendrix*, 986

F.2d 195, 200 (7th Cir. 1993)). "It is within the 'sound discretion of the court' whether to grant such a clarification or modification of an injunction if a party 'enters upon transactions which raise doubts as to the applicability of the injunction.'" *Id.* (quoting *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 15 (1945)). "Once an injunction is in effect, a court should exercise that discretion to provide 'a clarification in light of a concrete situation that left parties . . . in the dark as to their duty toward the court.'" *Id.* (quoting *Regal Knitwear*, 324 U.S. at 15). "As a result, courts are always free, within their sound discretion, to clarify inexplicit injunctions in order to avoid unwitting contempts." *Id.* (citing *Hendrix*, 986 F.2d at 200).

District courts have "inherent authority" to not only clarify an injunction, but also "to modify a preliminary injunction in consideration of new facts." *A & M Records, Inc. v. Napster*, 284 F.3d 1091, 1098 (9th Cir. 2002); *see also Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) ("Federal Rule of Civil Procedure 54(b) states that a district court can modify an interlocutory order at any time before entry of a final judgment, and we have long recognized the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory." (citation and quotations omitted)). A motion to modify is distinct from a motion to reconsider. "While the purpose of a motion to reconsider under [Rule] 59(e) is to relitigate the original issue, . . . a motion to modify a preliminary injunction is meant only to relieve inequities that arise after the original order." *Credit Suisse*, 400 F.3d at 1124 (citations and quotations omitted). "Thus, a motion that merely seeks to relitigate the issues underlying the original preliminary injunction order is subject to Rule 59(e)'s ten-day limit, while a motion that in substance is based on new circumstances that have arisen after the district court granted the injunction may be filed at any time before entry of a final judgment." *Id.*

Defendant asserts that the preliminary injunction—by enjoining him from soliciting or initiating contact with any TBH or Tribal Health client or confidential prospective customer lead—"is causing undue and inequitable hardship [] because he is effectively

2

enjoined from contacting all of the tribes and business contacts he has amassed since he started working in tribal healthcare in 2005." (Doc. 37 at 2). Defendant alleges that the injunction has created uncertainty and hardship for his business and social endeavors "because he does not have a copy of the B2B Report and therefore does not know who he cannot contact." (*Id.*). Thus, Defendant "requests clarification or modification of the term enjoining solicitation of Plaintiffs' prospective customer leads to either (1) list the leads [he] is enjoined from soliciting or contacting; (2) adding a modifier that allows [him] to solicit and/or contact all of his pre-existing contacts that [he] provided to Plaintiffs for B2B to use to generate the report; or (3) eliminate the term entirely." (*Id.* at 2–3).

The Court sees no issue with granting Defendants' Motion to the extent Defendant requests a list of the tribes covered by the injunction. Defendant contends that he does not currently have access to the B2B report and that he has not had access to it since he resigned his position as CEO in May 2022. Thus, Defendant asserts that he does not know the names of the tribes on the B2B report and, as a result, does not know what tribes he is enjoined from contacting under the injunction. That said, the Court finds it more than reasonable to provide Defendant with a clarification as to what tribes are covered by the injunction. Therefore, the Court orders Plaintiffs to provide Defendants with a list of the tribes that are included on the list of customer/client leads and that are thereby covered by the injunction. To address Plaintiffs' concern that such an order is akin to directing Plaintiffs to turn over trade secrets to Defendants, the list of tribes shall contain *only the names* of the tribes covered by the injunction. It shall not contain any other information from the list of customer/client leads, such as the points of contact for each tribe, information related to each tribe's level of interest in a project, or whether the tribe should be contacted. After all, the Court found that it was the list's *compilation* of all such information that amounted to a trade secret, not its mere listing of certain tribe names. (*See* Doc. 20–21).

To the extent Defendants request a modification of the injunction allowing Defendant to reach out to those tribes that were on his "Contact List" prior to being on Plaintiffs' list of customer/client leads (or B2B report), the Court is not persuaded that any

circumstances have changed to warrant such a modification. In their original opposition to the preliminary injunction, Defendants made essentially the same argument they make now—that Defendant Reeves had pre-existing relationships with the tribes on Plaintiffs' list of customer/client leads, that it was *he* who shared those contacts with Plaintiffs, and that he should not be precluded from contacting or soliciting those contacts. (*See, e.g.*, Doc. 16 at 8 ("Reeves shared several pre-existing contacts and opportunities with TBH long before he became CEO."); at 16 ("[Plaintiffs] fail to mention the fundamental fact[] that [] Reeves brought these projects as well as several others, to TBH's attention based on his own prior relationships with the Tribes."); Doc. 16-1 at 12–16 (listing various tribes and projects that Defendants claim as his own based on pre-existing relationships)). Defendants now offer a second declaration from Defendant Reeves in which he avers that he provided a "Contact List" to Dr. Shufeldt on November 5, 2021 and that such list included the names of "most, if not all, of the tribes listed in the B2B report." (Doc. 37-1 at 2). Defendants attach the November 5, 2021 email and the "Contact List" to the declaration. (*See* Doc. 37-2; 37-3; 37-4). Defendant Reeves avers that Dr. Shufeldt and the third-party lead vendor used the "Contact List" to create Plaintiffs' list of customer/client leads by calling all the tribes it listed to gauge their interest in a project. (Doc. 37-1 at 3).

Although Defendant Reeves' second declaration and attached "Contact List" may, to some extent, provide the Court with stronger evidence as it relates to Defendant Reeves' contention that most, if not all, the contacts on Plaintiffs' list of customer/client leads originated from his own pre-existing relationships, the evidence does not amount to changed circumstances that would warrant a modification to the injunction. Defendant Reeves' November 5, 2021 email and its attached "Contact List" were in existence and in Defendants' possession at the time Defendants were originally opposing the injunction, yet Defendants failed to provide this information to the Court at that time. In other words, the email and "Contact List" are not newly discovered evidence. Rather, Defendants' offering of the email and "Contact List" at this point amounts to a re-litigation of issues already decided. Moreover, Defendant's claim that his social and business life has been harmed by

4

the injunction also fails to rise to the level of "changed circumstances" that would warrant a modification, particularly given that Defendant does not elaborate with any meaningful supporting detail. Even if Defendant had provided additional detail, however, it is difficult to see how such harm would justify a modification given that such harm is to be expected considering the nature of the injunction issued in this case.

In sum, the Court finds that a clarification of the injunction is appropriate to the extent Defendants claim they are unaware of which tribes they are enjoined from soliciting. The Court finds that a modification of the injunction, however, is not warranted because Defendants have not shown a change in circumstances that arose after the injunction was issue. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Clarify or Modify (Doc. 37) is **granted** to the extent Defendants seek a clarification of the preliminary injunction issued in this case. Plaintiffs are ordered, by **no later than January 18, 2022 at 5:00 p.m.**, to provide Defendants with a list of the names of the tribes included in the B2B report/list of customer and client leads and thereby covered by the injunction. The list shall include *only* the names of the tribes found on the list that was provided to the Court for *in camera* review and shall not include any other information.

**IT IS FURTHER ORDERED** that Defendants' Motion to Clarify or Modify (Doc. 37) is **denied** to the extent Defendants seek any modification of the preliminary injunction or any elimination of any term of the preliminary injunction.

Dated this 12th day of January, 2023.

Honorable Steven P. Logan
United States District Judge